IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JUAN MANUEL REYES,

    Plaintiff,

v.

C. BOLLES, Law Library Coordinator;
Y. RANGEL, Law Library Coordinator;
MR. LEGORE, Supervisor; SUSAN
WASHBURN, Superintendent of EOCI;
ANDREA NEISTADT, Assistant Superintendent
of EOCI; COLETTE S. PETERS, Director
of DOC; HEATHER D. NEVIL, Hearings
Officer; CRYSTAL L. CORTAZOR,
Hearings Officer; and M. SWEET,
Correctional Officer,

    Defendants.

Case No. 2:19-cv-02108-AC

ORDER TO DISMISS

HERNÁNDEZ, J.

    Plaintiff, an inmate at the Eastern Oregon Correctional Institution ("EOCI"), brings this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to an Order entered this date, the Court granted

1 - ORDER TO DISMISS

plaintiff's Application to Proceed *In Forma Pauperis*. However, for the reasons set forth below, the Court dismisses plaintiff's Complaint.

## BACKGROUND

Plaintiff's Complaint alleges three claims for relief. In his first claim, plaintiff alleges retaliation for exercising civil rights and access to the courts. Plaintiff does not identify the factual basis underlying the alleged retaliation, what form of retaliation occurred, or which defendants were personally involved in the alleged retaliation. Plaintiff's second claim alleges that procedural due process is routinely violated when inmates assert constitutional rights or try to alert higher authorities of alleged institutional nepotism problems at EOCI, and that hearings officers participate in the alleged violations in disciplinary proceedings. Plaintiff's third claim is difficult to ascertain. Plaintiff alleges "abuse of power and discretion is empowered by higher command, therefore the corruption of power and abuse must trickle down and responsibility must be enforced up the chain."

In attachments to his Complaint, plaintiff includes a narrative statement and other documents which appear to indicate that the claims in the current Complaint arise from the same facts which underlie claims alleged by plaintiff in *Reyes v. Washburn*, Case No. 2:19-cv-01562-AC and *Reyes v. Bolles*, Case No. 2:19-cv-01995-AC. By way of remedy here, plaintiff seeks only money damages.

## STANDARDS

A district court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2) & 1915A(b). When a plaintiff is proceeding *pro se*, the court must construe the pleadings liberally and afford the

2 - ORDER TO DISMISS

plaintiff the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Moreover, before dismissing a *pro se* civil rights complaint for failure to state a claim, the court supplies the plaintiff with a statement of the complaint's deficiencies. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623-24 (9th Cir. 1988); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623; *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## **DISCUSSION**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015). In order to state a § 1983 claim, a plaintiff must allege facts giving rise to a reasonable inference that the named defendants were personally involved in the alleged constitutional violation. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Here, none of plaintiff's claims for relief allege facts giving rise to a reasonable inference that any of the named defendants were personally involved in the alleged violation of his rights; plaintiff does not allege which defendant was personally involved in any of the actions complained of.

Plaintiff's first claim does not allege facts supporting a claim of retaliation. *See Rhodes v. Robinson*, 408 F.3d 559, 567-58 (9th Cir. 2005) (to state a viable constitutional claim for retaliation, a plaintiff must allege that a defendant acting under color of state law took adverse action against him because he engaged in protected conduct, that the adverse action was not narrowly tailored to

3 - ORDER TO DISMISS

advance legitimate correctional goals, and that the adverse action chilled the plaintiff's exercise of his First Amendment rights or caused the prisoner to suffer more than minimal harm).

Moreover, plaintiff's second and third claims do not allege he suffered any injury. To the extent plaintiff claims prison officials violate other inmates' due process rights and are not held accountable for their actions, plaintiff appears to lack standing to pursue such claims. *See, e.g., Lewis v. Casey*, 518 U.S. 343, 349 (1996) (doctrine of standing requires that claimant have suffered or will imminently suffer actual harm); *Caswell v. Calderon*, 363 F.3d 832, 836 (9th Cir. 2004) (case-or-controversy requirement means that plaintiff must have an actual or threatened injury traceable to the defendant and likely to be redressed by a favorable judicial decision).

Finally, to the extent plaintiff's claims in this action arise out of the same nucleus of facts underlying the claims alleged in *Reyes v. Washburn*, Case No. 2:19-cv-01562-AC and *Reyes v. Bolles*, Case No. 2:19-cv-01994-AC, plaintiff has no right to have multiple cases pending based on the identical facts. *See Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987) (dismissing as frivolous claim arising out of the same series of events and alleging the same facts as another pending action); *see also Boag v. McDougall*, 454 U.S. 364, 365 n.1 (1982) (§ 1915(d) gives district court broad discretion to take judicial notice of previously filed civil rights actions); *Hernandez v. Denton*, 861 F.2d 1421, 1425 (9th Cir. 1988), *rev'd on other grounds*, 112 S.Ct. 369 (1992) (*in forma pauperis* plaintiff has no right to bring repetitive or duplicative claims).

## CONCLUSION

Based on the foregoing, the Court DISMISSES Plaintiff's Complaint. Plaintiff may file an Amended Complaint, curing the deficiencies noted above, within 30 days of the date of this order.

Plaintiff is advised that failure to file an Amended Complaint shall result in the dismissal of this proceeding, with prejudice.

IT IS SO ORDERED.

DATED this __9__ day of January, 2020.

/s/ Marco Hernández
Marco A. Hernández
Chief United States District Judge